# IN THE DISTRICT COURT FOR THE UNITED STATES OF AMERICA
## EASTERN DISTRICT OF MICHIGAN

**THOMAS LINDERMAN,**

         Plaintiff,

**v.**

**STATE OF NORTH CAROLINA**
**NORTH CAROLINA STATE POLICE**

         Defendant.
_____/

CASE NO. 25-CV-
**HONORABLE:**

**PERRONE LAW PLLC**
Jacob A. Perrone (P71915)
Attorney for Thomas Linderman
3310 Kresge Ln.
East Lansing, MI 48823
Phone: (517) 719-4657
jacob.perrone@yahoo.com
_____/

## PLAINTIFF THOMAS LINDERMAN COMPLAINT AGAINST DEFENDANTS STATE OF NORTH CAROLINA AND NORTH CAROLINA STATE POLICE
_____/

/s/ *JP*

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

**NOW COMES THOMAS LINDERMAN**, and for his Complaint states as follows:

## JURISDICTIONAL ALLEGATIONS

1. This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(a)(3), and (4).

2. Plaintiff, **THOMAS LINDERMAN** is a resident of the County of Macomb, State of Michigan, in the Eastern District for the United States of America. (hereinafter referred to as "Plaintiff" and/or "Linderman")

3. Defendant **STATE OF NORTH CAROLINA** is a Municipal entity.

4. Defendant **NORTH CAROLINA STATE POLICE**, organized under the laws of North Carolina. (Collectively known with State of North Carolina as "Defendants and/or "NC"

5. When the events alleged in this complaint occurred, NC officials were acting within the scope of their employment and under color of law when they required Linderman to continue registering after his conviction was expunged and he was removed from the sex offender registry in Michigan.

6. Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) based on **1983's** nationwide service of process and venue provisions, because Linderman resides in Michigan, does business in Michigan, and because the registration requirement was derived from a Michigan criminal offense that no longer qualifies for registration. Finally, in light of the sensitive nature of the issue, it is Linderman's desire that the case be resolved in the State of Michigan where it is more likely his privacy will be preserved.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference prior paragraphs.

8. NC is also liable because of its policies, practices, and customs, which led to this complaint of violation. Specifically, its policy on not removing people from within the North Carolina Sex Offender Registry Act. ("Registry"), that are no longer required to register.

9. On or about June 7, 2023, Michigan expunged Plaintiff's offense underlying the registration requirement and his registration in Michigan was discontinued as it was declared unconstitutional. This Michigan conviction was initally used to require Linderman to register when he moved to North Carolina years ago. There is no longer a basis to require Linderman to register.

10. NC's reporting of the Defendant's registration and the actual registration requirements are lacking in any substance as the alleged conviction underlying the registration requirements is null and void as he has been removed from the Michigan Sex Offender Registry ("Michigan Registry").

11. Linderman has repeatedly tried to contact law enforcement to get the registration requirements removed because it is a constitutional violation to continue to classify and report to the general public that he is a sex offender.

12. NC is either intentionally, negligently, or recklessly reporting information that is incorrect regarding Defendant. The stigma has caused Linderman to miss out on opportunities that would be available if he were properly removed from the registration and reporting requirement of the Registry.

## COUNT I
## FOURTH, FIFTH, AND FOURTEENTH AMENDMENT VIOLATIONS

14. Plaintiff incorporates by reference prior paragraphs.

15. Linderman's constitutionally protected rights that NC violated include the following:

   a. the right to liberty protected in the substantive component of the Due Process Clause of the Fifth and Fourteenth Amendments, which includes personal safety, freedom from captivity, and a right to medical care and protection

PERRONE LAW PLLC (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

    b. the right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment

16. NC, acting under color of state law, established a special relationship with Linderman, giving rise to affirmative duties on its part to remove Linderman from the Registry to protect Linderman's constitutionally protected rights identified above.

17. NC's violation of their affirmative duties, their intervention in preventing Linderman from being removed from registry, and the delay caused by their desire to require Linderman to suffer because he was previously required to register. The failure to remove Linderman from the Registry is a direct and proximate cause of the subsequent deprivation of Linderman's constitutional rights described above.

18. NC, acting under the color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Linderman's constitutional rights. Further, their actions in continuing to require Linderman register, showed deliberate indifference to Linderman's needs and was a deprivation of Linderman's constitutionally protected rights.

19. Requiring Linderman to continue registering was done with knowing disregard of an excessive risk to Linderman's health or well-being.

20. As a direct and proximate result of NC's conduct, Linderman suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights described above.

21. NC, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Linderman.

PERRONE LAW PLLC (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

22. As a direct and proximate result of these policies, practices, and customs, Linderman was deprived of Plaintiff's constitutionally protected rights described above.

**WHEREFORE,** Plaintiff, **THOMAS LINDERMAN,** requests that this court enter judgment against Defendants in an amount consistent with the damages sustained, enjoin the Defendants from reporting information regarding Linderman's inclusion on the Registry, award Linderman his attorney's fees and costs, and any other relief the Court feels justified in its discretion.

## COUNT II
## EIGHTH AMENDMENT VIOLATIONS

24. Plaintiff incorporates by reference prior paragraphs.

25. The Eighth Amendment of the U.S. Constitution provides, in pertinent part, that excessive bail may not be required, nor excessive fines be imposed nor cruel and unusual punishments be inflicted.

26. Defendant deputies' decisions (a) to require Linderman to register and report on the Registry although his conviction was nullified and he was removed from Michigan Registry, while knowing that Linderman would lose opportunities and esteem in the community showed deliberate indifference to Linderman's reputation. This continued unwarranted stigma violates Linderman's constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment.

27. As a direct and proximate result of NC actions, Linderman suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights

**WHEREFORE,** Plaintiff, **THOMAS LINDERMAN,** requests that this court enter judgment against Defendants in an amount consistent with the damages sustained, enjoin the Defendants from reporting information regarding Linderman's inclusion on the Registry, award Linderman his attorney's fees and costs, and any other relief the Court feels justified in its discretion.

PERRONE LAW PLLC (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

Respectfully submitted,

Dated: January 27, 2025            /s/*Jacob A. Perrone* _____
                                                   JACOB A. PERRONE (P71915)
                                                   Attorney for Plaintiff
                                                   3310 Kresge Ln.
                                                   East Lansing, MI 48823
                                                   (517) 719-4657
                                                   jacob.perrone@yahoo.com

PERRONE LAW PLLC (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823

Respectfully submitted,

Dated: January 27, 2025            /s/*Jacob A. Perrone* _____
                                   JACOB A. PERRONE (P71915)
                                   Attorney for Plaintiff
                                   3310 Kresge Ln.
                                   East Lansing, MI 48823
                                   (517) 719-4657
                                   jacob.perrone@yahoo.com

PERRONE LAW PLLC  (517) 719-4657 – 3310 KRESGE LN., EAST LANSING, MI 48823