UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS A. LINDERMAN,

    Plaintiff,

v.

    Case No. 25-cv-10247
    Honorable Brandy R. McMillion

STATE OF NORTH CAROLINA and
NORTH CAROLINA STATE POLICE,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

On January 27, 2025, Plaintiff Thomas A. Linderman ("Linderman") filed this civil rights action against Defendants State of North Carolina and the North Carolina State Police[1] (collectively, "Defendants") alleging constitutional violations. *See generally* ECF No. 1. The claims stem from the requirements of North Carolina's sex offender registry for what Linderman alleges to be an overturned conviction. *Id.* All of the actions presented in this case relate directly to the actions of the State of North Carolina and the North Carolina State Police, both of which are located in the

---

[1] The Court notes that the State of North Carolina does not have a "per-se" State Police agency. The Department of Public Safety houses several law enforcement divisions. However, for the sake of this Order, the Court will refer to Defendant as named, North Carolina State Police.

Eastern District of North Carolina. Based on that, this Court finds that venue is proper there and for that reason will transfer this matter to that district.

Venue is proper in the judicial district where either all defendants reside, or where the claim arose, and personal jurisdiction exists. 28 U.S.C. § 1391(b); *see also Al-Muhaymin v. Jones*, 895 F.2d 1147, 1148 (6th Cir. 1990). A district court may raise the issue of venue *sua sponte* and transfer any civil action to any other district or division where the action may have been brought, for the convenience of parties and witnesses or in the interest of justice. 28 U.S.C. § 1404(a); *see also United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000); *Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001). Further, pursuant to 28 U.S.C. § 1406, *sua sponte* transfer is permissible even when the venue originally selected is proper under 28 U.S.C. § 1391. *See Marshall v. George*, No. 19-cv-923, 2019 WL 6686704, 2019 U.S. Dist. LEXIS 211274 (W.D. Mich. Nov. 15, 2019), *report and recommendation adopted by* 2019 WL 6684059, 2019 U.S. Dist. LEXIS 210382 (W.D. Mich. Dec. 6, 2019); *see also Flynn v. Greg Anthony Constr. Co. Inc.*, 95 F. App'x 726, 738 (6th Cir. 2003) ("Congress has enacted a number of statutes that give federal courts the power to transfer cases *sua sponte*," including 28 U.S.C. § 1406).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of

relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

Here, the Court concludes that in the interest of justice and the *Overland* factors, the present matter should be transferred to the Eastern District of North Carolina. Additionally, the Court is concerned if it can assert personal jurisdiction over the Defendants. From the allegations of the Complaint, it appears that neither Defendant "resides" in Michigan. *See* ECF No. 1, PageID.2. Moreover, the Court questions whether any federal court has jurisdiction over the State of North Carolina by virtue of the doctrine of sovereign immunity. But the Court recognizes that is a decision best left to the federal courts in North Carolina. Therefore, the interests of justice favor transfer to North Carolina where all parties would be subject to the personal jurisdiction of those courts. *See Sweigert v. Multimedia Sys. Design, Inc.*, Case No. 22-12696, 2023 WL 4980063 (E.D. Mich. Aug. 2, 2023). Whether the Court can assert jurisdiction over Defendants at this time is unclear and transferring this action to North Carolina is therefore proper. *See Groesbeck v. Bumbo Int'l Trust*,

2013 WL 3157922, at *2 (S.D. Tex. June 20, 2013) ("Given the difficult nature of the personal jurisdiction issue, the Court avoids it in this case and . . . transfers the matter . . . where Defendants have conceded personal jurisdiction exists."). Both Defendants appear to be headquartered in Raleigh, North Carolina, making the United States District Court for the Eastern District of North Carolina the proper venue.

Accordingly, pursuant to 28 U.S.C. § 1406(a), **IT IS HEREBY ORDERED** that the Clerk of the Court transfer this matter to the United States District Court for the Eastern District of North Carolina.

**IT IS SO ORDERED.**

Dated: February 3, 2025

s/Brandy R. McMillion  
Hon. Brandy R. McMillion  
United States District Judge